## Case No. 11,973.

### The ROCHAMBEAU.

[3 Ware, 304;[1] 26 Law Rep. 564.]

District Court, D. Maine. July 19, 1864.[2]

SEAMEN—WAGES—CONTRACT—PAYMENT—DEPRECIATED CURRENCY.

1. The price of seamen's wages ought to be fixed according to the plain meaning of the parties, when that can be understood.

2. Seamen are a plain people and are not to be presumed to advert to refined distinctions of law when they are not alluded to in the terms of the contract, or mentioned when it was made.

[This was a libel by Thomas Trecartin against the ship Rochambeau, John E. Donnell, claimant, in a cause of subtraction of wages.]

Mr. O'Donnell, for libellant.

Evans & Putnam, for respondent.

WARE, District Judge. Trecartin, the libellant, an American citizen at St. John, N. B., shipped on board the American ship Rochambeau, for a voyage to London and back, not to exceed nine months in time, at the rate of $25 per month, in the New Brunswick currency. She made that voyage in about three and a half months, and the time not being ended for which he shipped, the libellant continued in the vessel without signing new articles, or any new agreement as to terms, and from that port went another voyage to London, which was to terminate in the United States. The ship made her voyage to London, and from there went to the Mediterranean, visited Malta and different ports in Sicily, and returned to Portland, where she arrived and delivered a cargo of salt. Payments were made from time to time on the voyage; at London and in various ports in the Mediterranean. There remained due at the end of the voyage, $154.38, and the only question now remaining between the parties, is whether this shall be paid in the currency of the United States, or in specie, which was the currency at St. John, where the voyage was begun. The original contract was made in that place, and was to be satisfied in the currency of that country, which was one of specie. As the libellant continued in the ship after the expiration of this contract, without any new agreement as to terms, it would naturally follow that he continued his services on the terms fixed by the old contract, and this would ordinarily be the legal effect. It appears that the parties so understood it, for all the partial payments made from time to time, in London and various ports in the Mediterranean, were made in specie. This, if not conclusive, goes far towards putting an interpretation on the contract by the parties. If the payments made during the voyage were made in specie, why should the balance remaining due at the end

[1] [Reported by George F. Emery, Esq.]

[2] [Modified in Case No. 14,163.]

of the voyage, be paid differently? The place where the original contract was made, and the continuation of the service under that contract, as no new one was made, and the price paid, all go to confirm the opinion that a specie contract was only in the contemplation of the parties. When the intention of the parties can be plainly understood, the duty of the court is to enforce the contract according to that meaning, and this is the dictate as well of the technical rules of law, as of common sense, and this rule applies with all its force to mariners' contracts, who are a plain people, and their agreements ought not to be settled on refined distinctions which they never contemplated. This view of the subject puts out of the case all the ingenious arguments of the learned counsel, as to the operation of the lex loci, whether the wages should be according to the law of the place where the contract was made, or according to that where it terminated.

The decree in the case ought to be for a sum in the United States currency that would make the payment equal to specie. In the daily fluctuation of the price of gold under the influence of the laws of the country and the commercial speculation, it is difficult to say what that sum should be; but I have come to the conclusion that it is double the amount admitted to be due of $154, and make it $308, it will be as near right as I can make it. Decree $308 and costs.

NOTE. This case was carried by appeal to the circuit court, where it was "Held there was no question of the relation of one currency to another involved in the case, the contract for wages being expressed in dollars and cents, and the payment to be made in this country, the plaintiff (libellant) could recover no more than the amount specified in the contract." Trecartin v. The Rochambeau [Case No. 14,163].